# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TENNESSEE
# EASTERN DIVISION

GREGORY A. GOFF a/k/a  )
GREGORY ARNEZ GOFF,  )
  )
    Plaintiff,  )
  )
VS.  )    No. 19-1294-JDT-cgc
  )
MADISON COUNTY, TENNESSEE,  )
  )
    Defendant.  )

## ORDER GRANTING MOTION TO AMEND, DISMISSING CASE WITH PREJUDICE, CERTIFYING AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH AND NOTIFYING PLAINTIFF OF APPELLATE FILING FEE

On January 3, 2020, the Court dismissed the *pro se* complaint filed by Plaintiff Gregory A. Goff a/k/a Gregory Arnez Goff, and granted leave to file an amended complaint. (ECF No. 5.) Goff timely filed an amended complaint, (ECF No. 7), which he has titled a motion to amend; that motion is GRANTED. In the caption of the amended complaint, Goff again lists Madison County as the only Defendant. (*Id.* at PageID 22.)[1] Goff's amended complaint merely realleges his concerns about the generally unpleasant conditions of confinement at the Madison County

---

[1] In his prayer for relief, Goff "ask[s] that Madison County T.N. and Jackson T.N." compensate him. (*Id.* at PageID 23.) Goff does not actually specify in the amendment that he is naming the City of Jackson as an additional Defendant, and he has included no factual allegations concerning the City. The Court therefore declines to construe his passing reference as an attempt to sue the City.

Criminal Justice Complex (CJC). (*Id.* at PageID 22-23.) He seeks compensation of $2 million. (*Id.* at PageID 23.)

The legal standards for assessing the claims in an inmate's complaint were set forth in the prior order of dismissal, (ECF No. 5 at PageID 15-16), and will not be reiterated here.

For the same reasons discussed in the prior order of dismissal, Goff's amended complaint fails to state a claim. He does not name any responsible party who may be sued under § 1983. As the Court previously noted, (*id.* at PageID 16-17), Madison County may be held liable *only* if Goff sustained an injury due to an unconstitutional custom or policy of the County. *See Monell v. Dep't. of Soc. Serv.*, 436 U.S. 658, 691-92 (1978). However, Goff does not allege that a Madison County policy is responsible for the conditions at the CJC. Furthermore, Goff does not allege that he personally suffered any physical injury as a result of the conditions about which he complains. *See* 42 U.S.C. § 1997e(e). Therefore, Goff's amended complaint also is subject to dismissal.[2]

Because Goff's amended complaint fails to state a claim on which relief can be granted, this case is DISMISSED with prejudice in its entirety pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). Leave to further amend is DENIED.

Pursuant to Federal Rule of Appellate Procedure 24(a) and 28 U.S.C. § 1915(a)(3), the Court must also consider whether an appeal by Goff in this case would be taken in good faith. The good faith standard is an objective one. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). The same considerations that lead the Court to dismiss this case for failure to state a claim also

---

[2] Goff alleged in both the original and amended complaints that the conditions at the CJC violate the Tennessee Constitution. However, Tennessee does not recognize actions for damages for violations of the Tennessee Constitution. *See Bowden Bldg. Corp. v. Tenn. Real Estate Comm'n*, 15 S.W. 3d 434, 444-45 (Tenn. Ct. App. 1999); *see also Siler v. Scott*, No. E2017-01112-COA-R3-CV, 2019 WL 2306932, at *11 (Tenn. Ct. App. May 30, 2019).

compel the conclusion that an appeal would not be taken in good faith. Therefore, it is CERTIFIED that any appeal in this matter by Goff would not be taken in good faith.

The Court must also address the assessment of the $505 appellate filing fee if Goff nevertheless appeals the dismissal of this case. A certification that an appeal is not taken in good faith does not affect an indigent prisoner plaintiff's ability to take advantage of the installment procedures in the Prison Litigation Reform Act (PLRA), 28 U.S.C. §§ 1915(a)-(b). *See McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997), *partially overruled on other grounds by LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013). *McGore* sets out specific procedures for implementing the PLRA. Therefore, Goff is instructed that if he wishes to take advantage of the installment method for paying the appellate filing fee, he must comply with the PLRA and *McGore* by filing an updated *in forma pauperis* affidavit and a current, certified copy of his inmate trust account statement for the last six months.

For analysis under 28 U.S.C. § 1915(g) of future filings, if any, by Goff, this is the second dismissal of one of his cases as frivolous or for failure to state a claim.[3] This strike shall take effect when judgment is entered. *See Coleman v. Tollefson*, 135 S. Ct. 1759, 1763-64 (2015).

The Clerk is directed to prepare a judgment.

IT IS SO ORDERED.

    s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE

---

[3] Goff previously filed *Goff v. Pickens, et al.*, No. 1:19-cv-1093-JDT-cgc (W.D. Tenn. Nov. 7, 2019) (dismissing for failure to state a claim).